**JOHNSON BROS. BEVERAGES, INC., Plaintiff,**

v.

**UNITED FARM WORKERS OF AMERICA, AFL–CIO, Defendants.**

Civ. A. No. 75–C–91.

United States District Court,
E. D. Wisconsin.

March 25, 1975.

Raleigh Woolf, Milwaukee, Wis., for plaintiff.

Richard Perry, Milwaukee, Wis., for defendant, United Farm Workers of America, AFL-CIO.

Thomas C. Hochstatter, Milwaukee Legal Services, Inc., Milwaukee, Wis., for defendants, Jesus Guajardo and Mike Trokan.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On February 19, 1975, plaintiff Johnson Bros. Beverages, Inc. (hereinafter "Johnson Bros.") commenced this action in the Circuit Court of Milwaukee County seeking to restrain the allegedly illegal boycott activities of defendants directed against "Gallo" wine products. An order to show cause why the conduct complained of should not be restrained was set for hearing before the Circuit Court on February 21, 1975. On the same day, defendants United Farm Workers of America, AFL-CIO (hereinafter "U.F.W.A."), Jesus Guajardo, and Mike Trokan filed a petition removing the action to this court. Presently before this court is plaintiff's motion to remand the action to the state court. This court concludes that the action must be remanded to the Circuit Court of Milwaukee County.

The sole basis of defendants' petition for removal is diversity of citizenship. 28 U.S.C. § 1332. Plaintiff Johnson Bros. is a Wisconsin corporation having its principal place of business in Milwaukee, Wisconsin, and for purposes of diversity jurisdiction is a citizen of the State of Wisconsin. Consequently, if any defendant is a citizen of Wisconsin, there would be incomplete diversity under the rule of Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806), and the removal would be improper. In addition, removal upon the basis of diversity jurisdiction is further limited by 28 U.S.C. § 1441(b), the pertinent portion of which reads as follows:

" * * * Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Thus, if any of the defendants is a citizen of the State of Wisconsin, the action must be remanded.

The defendants named in the complaint are the UNITED FARM WORKERS OF AMERICA, AFL-CIO; the WISCONSIN UNITED FARM WORKERS OF AMERICA; the UNITED FARM WORKERS UNION BOYCOTT COMMITTEE; JESUS GUAJARDO, individually and as local representative of the first defendant and as president and local representative of the second and third defendants; MIKE TROKAN, coordinator and representative of the third defendant; JOHN DOE, RICHARD ROE, and MARY DOE. The citizenship of none of these defendants is specifically alleged in the complaint. Defendants contend that none of these defendants properly named and joined is a citizen of the State of Wisconsin.

■■ Defendant U.F.W.A. is an unincorporated association representing certain employees in agricultural and related work. Generally the citizenship of the association is that of its members. In United Steelworkers of America, AFL-CIO v. R. H. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965), the Supreme Court held that an unincorporated labor union is not a citizen for purposes of diversity jurisdiction, and that its citizenship is deemed that of each of its members. The petition for removal in this action states that no member of U.F.W.A. is a citizen of the State of Wisconsin. Consequently, U.F.W.A. is not considered a citizen of Wisconsin for purposes of diversity jurisdiction.

Defendant Wisconsin United Farm Workers of America is alleged to be an unincorporated association acting as the local branch of U.F.W.A. Defendant United Farm Workers Union Boycott Committee (hereinafter "Boycott Committee") is alleged to be an unincorporated association of individuals acting in concert with U.F.W.A. The complaint alleges that both of these defendants have an office at 1417 North 24th Place, Milwaukee, Wisconsin.

Defendant Jesus Guajardo, who is alleged to be president and local representative of both the Wisconsin United

Farm Workers of America and the Boycott Committee, asserts by way of an uncontradicted affidavit that he is a citizen of the State of California. Guajardo also denied knowledge of the existence of both the Wisconsin United Farm Workers of America and the Boycott Committee and, consequently, claims that they are nonexistent parties whose citizenship cannot be considered on this motion to remand.

■ Defendant Mike Trokan is a citizen of the State of Wisconsin. Trokan also denies knowledge of the existence of the Boycott Committee. Defendants claim that Trokan's citizenship cannot be considered because he is an improperly joined defendant against whom plaintiff has no cause of action. In determining whether diversity jurisdiction exists, an improperly joined defendant may be disregarded. 1A Moore's Federal Practice, ¶ 0.161[2] at 211 (2d ed. 1974); Burns v. Carolina Power and Light Co., 193 F.2d 525 (4th Cir. 1951). Essentially, defendants claim that Trokan is sued solely in his capacity as the coordinator and representative of the United Farm Workers Union Boycott Committee and not individually. Defendants also assert that the alleged Boycott Committee does not exist. Consequently, defendants contend that defendant Trokan is an improper party because he is being sued only as the representative of a nonexistent organization, and therefore his citizenship must be disregarded.

■ This Court does not believe that defendant Trokan is named solely in a representative capacity as coordinator of the alleged "Boycott Committee." The plaintiff's complaint details both the personal and individual participation of defendant Trokan in the activities which plaintiff seeks to enjoin. Paragraphs 11 and 12 of plaintiff's complaint allege the following:

"11. On January 10, 1975 defendants Guajardo and Trokan called upon plaintiff's president and identified themselves as representatives of the United Farm Workers. These defendants demanded that plaintiff's president call Gallo and advise Gallo how much plaintiff would be hurt if Gallo did not break its contract with the Teamsters. Upon that demand being refused, these defendants demanded that the plaintiff stop the sale and promotion of Gallo products, indicating that if plaintiff failed to comply with their demand, they would commence a boycott of Gallo products and put plaintiff out of business. * * *

"12. Commencing on or about January 10, 1975 the defendants *personally* or through agents and supporters have been and are continuing to contact plaintiff's customers * * *. In each instance plaintiff's customer was asked to remove Gallo products from the shelves or to remove the Gallo display, which is a Gallo sign and cases of Gallo wine. * * *" (Emphasis added.)

Paragraph 15 alleges in part:

" * * * At approximately 11:00 A. M. February 15, 1975 defendant Trokan confronted the manager of the Kohl's store at 2315 North 124th Street, Brookfield, Wisconsin and told him that they were there to march. A picket line of fifteen men and women, *including defendants Guajardo and Trokan,* then started marching at the store entrance, blocking ingress and egress. * * * At approximately 1:00 P. M. defendants Guajardo and Trokan conferred with the Kohl's liquor buyer. In exchange for the cessation of picketing this buyer agreed to stop promoting and displaying Gallo wines and have all Gallo wine displays removed from the seven Kohl's stores which have liquor departments. * *" (Emphasis added.)

Consequently, the allegations of the plaintiff itself demonstrate that Trokan is *sued* in a personal capacity and is merely *identified* as "coordinator and representative of defendant United Farm Workers Union Boycott Committee." (¶ 6, plaintiff's complaint) Therefore,

even assuming the alleged nonexistence of the "Boycott Committee," Trokan is a proper party to this litigation, and as a citizen of this state, his joinder destroys both the diversity and removability of this action.

For the foregoing reasons,

It is ordered that this entire action be and it hereby is remanded to the Circuit Court of Milwaukee County without costs to any party.

It is further ordered that the clerk of this court shall mail a certified copy of this order of remand to the clerk of the state court as soon as practicable.